No. 22-6022

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 1, 2023
DEBORAH S. HUNT, Clerk

MARCUS A. PROCTOR,

    Plaintiff-Appellant,

v.

T. GILLEY, Warden; H. RAY, Associate Warden;
T. BOWLES, Captain; S.I.S. BIGELOW,

    Defendants-Appellees.

O R D E R

Before: CLAY, Circuit Judge.

Marcus A. Proctor, a pro se federal prisoner, appeals the district court's judgment dismissing his complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Proctor, pursuant to Federal Rule of Appellate Procedure 24(a)(5), moves to proceed in forma pauperis (IFP) on appeal.

Proctor sued the following individuals employed at FCI Manchester, his former place of incarceration: T Gilley, the warden; H. Ray, the associate warden; T. Bowles, the captain; and Bigelow, the "S.I.S." According to Proctor, he was placed in the special housing unit (SHU) as a cruel and unusual punishment and in retaliation for having filed complaints against prison staff members. Proctor further alleged that, while he was in the SHU, his inmate account was frozen and he was denied access to envelopes, stamps, and other materials necessary to prepare legal documents, which interfered with his ability to pursue his motion for compassionate release. Proctor claims Bowles deprived him of these materials in retaliation for his complaining about prison staff members to Congress members and on social media. His motion for compassionate release was ultimately denied.

The district court screened Proctor's complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and dismissed it for failure to state a claim upon which relief may be granted. The court reasoned that Proctor failed to allege any facts supporting claims against Gilley, Ray, and Bigelow. And as to Bowles, Proctor's retaliation and access-to-the-courts claims failed because *Bivens* provides no remedy for them, and even if *Bivens* extended to his access-to-the-courts claim, that claim failed because Proctor's complaint did not identify any specific arguments that he was prevented from raising in his compassionate-release proceedings. Thereafter, the district court determined that an appeal could not be taken in good faith and denied Proctor's motion to proceed IFP on appeal.

When a district court has certified that an appeal is not taken in good faith, the plaintiff may file a motion in this court for leave to proceed IFP. *See* Fed. R. App. P. 24(a)(5). This court will grant an IFP motion if it is persuaded that the appeal is being taken in good faith, i.e., that the issues to be raised are not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999).

In his IFP motion, Proctor states that he seeks to challenge the district court's denial of his retaliation, access-to-the-courts, and cruel-and-unusual-punishment claims.[1] But he has no non-frivolous basis on which to do so: the Supreme Court has expressly stated that "there is no *Bivens* action for First Amendment retaliation," *Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022), and it has never recognized a *Bivens* action for a First Amendment access-to-the-courts claim. Nor is it likely to do so. *See id.* at 1804-07 (explaining the strict requirements that must be met for a *Bivens* remedy to be extended to a new type of claim); *see also Schwarz v. Meinberg*, 761 F. App'x 732, 733-34 (9th Cir. 2019) (declining to extend *Bivens* to prisoner's access-to-the-courts claim). And although *Bivens* extends to some claims under the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 18-23 (1980), Proctor's complaint is devoid of any facts demonstrating that the conditions

---

[1] Proctor also purports to assert a violation of his Fifth Amendment rightsbut he did not raise a Fifth Amendment claim in his complaint.

of his confinement "fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also Harden-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008) (holding that placement in segregation does not constitute cruel and unusual punishment).

Moreover, Proctor's claims against Gilley, Ray, and Bigelow were further subject to dismissal because Proctor merely listed these defendants in the caption and did not set forth any factual allegations against them. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (explaining that "[a] complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory" and dismissing certain defendants because the plaintiff "did not allege how any of them were involved in the violation of his rights"). And Proctor's access-to-the-courts claim against Bowles, even if *Bivens* provided a remedy for it, was subject to dismissal for the additional reason that he failed to "plead . . . prejudice stemming from the asserted violation," such as "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996)).

Because Proctor's appeal lacks an arguable basis in law and fact, *see Neitzke*, 490 U.S. at 325, his motion to proceed IFP is **DENIED**. Unless Proctor pays the $505 appellate filing fee to the district court within thirty days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk